IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ANTHONY LEWIS HARRIS,       )
                            )
        Petitioner,          )
                            )   1:15CV784
        v.                   )   1:06CR104-1
                            )
UNITED STATES OF AMERICA,   )
                            )
        Respondent.          )

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner was convicted in this Court of a single count of possession of a firearm in commerce after a felony conviction in violation of 18 U.S.C. §§ 922(g)(1). Based on his status as an Armed Career Criminal under 18 U.S.C. § 924(e), he was sentenced to 180 months of imprisonment to be followed by a term of five years of supervised release. Petitioner filed a Motion [Doc. #14] and Amended Motion [Doc. #15] to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, arguing that his sentence as an Armed Career Criminal is no longer valid following Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (2015), which is retroactive on collateral review for Armed Career Criminals, Welch v. United States, ___ U.S. ___, 136 S. Ct. 1257 (2016). The Government concedes based on Johnson, United States v. Vinson, 805 F.3d 120, 126 (4th Cir. 2015), and United States v. Geddie, 125 F. Supp. 3d 592, 601 (E.D.N.C. 2015), that Petitioner is no longer an Armed Career Criminal. The Court will proceed in light of the Government's concession.

Under 18 U.S.C. § 924(e)(1), a defendant is subject to enhanced sentencing penalties if he has three prior convictions for a "violent felony or a serious drug offense, or both, committed on occasions different from one another. . . ." A crime is a serious drug offense

for purposes of 18 U.S.C. § 924(e) if it is one "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance" and is a crime "for which a maximum term of imprisonment of ten years or more is prescribed by law."  18 U.S.C. § 924(e)(2)(A).  Before Johnson, a crime was a "violent felony" if it was punishable by imprisonment of more than a year and "has as an element the use, attempted use, or threatened use of physical force against the person of another" or "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  § 924(e)(1)(B)(i) and (ii).  However, Johnson invalidated as unconstitutionally vague the "residual clause" of the statute, which covered offenses that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another."  Johnson, 135 S. Ct at 2563.

Petitioner was sentenced as an Armed Career Criminal based on prior North Carolina convictions for assault with a deadly weapon inflicting serious injury, breaking and entering, and assault with a deadly weapon with intent to kill inflicting serious injury.  Petitioner challenges the breaking and entering conviction,[1] but the Government concedes relief with regard to the conviction for assault with a deadly weapon inflicting serious injury.  The Government takes the position that following the invalidation of the residual clause in

---

[1] That conviction remains an Armed Career Criminal predicate.  See United States v. Mungro, 754 F.3d 267 (4th Cir. 2014) ("N.C. Gen. Stat. § 14–54(a), as interpreted by the North Carolina Supreme Court, sweeps no more broadly than the generic elements of burglary. . . . N.C. Gen. Stat. § 14–54(a) therefore qualifies as an ACCA predicate offense under 18 U.S.C. § 924(e)(2)(B)(ii)."); see also United States v. Thompson, 421 F.3d 278, 284 (4th Cir. 2005); United States v. Bowden, 975 F.2d 1080, 1084-85 (4th Cir. 1992).  However, there is no need to discuss it further in light of the Government's concession as to the assault with a deadly weapon inflicting serious injury conviction.

2

Johnson, that conviction can no longer be counted as a predicate offense under the ACCA. See United States v. Vinson, 805 F.3d 120, 126 (4th Cir. 2015), United States v. Jones, 2015 WL 4133747 (E.D.N.C., July 8, 2015) (unpublished). The Government specifically concedes that Petitioner's conviction for assault with a deadly weapon inflicting serious injury does not have "as an element the use, attempted use, or threatened use of physical force against the person of another," that it is not a violent felony under the Armed Career Criminal Act following the striking of the residual clause in Johnson, that Petitioner is not now an Armed Career Criminal, and that his Motion and Amended Motion should be granted on that basis. In light of this concession, Petitioner's Motion and Amended Motion should be granted.

The Government requests that Petitioner be resentenced without the Armed Career Criminal enhancement. Petitioner agrees that the enhancement does not apply, but requests that a corrected judgment be entered instead because the resentencing will necessarily result in a sentence shorter than the time he has already served. Under United States v. Hadden, 475 F.3d 652, 669-72 (4th Cir 2007), a sentencing judge has discretion to enter a corrected judgment or conduct a full resentencing. Therefore, in the present case, the matter can be set for a full resentencing, or alternatively, in light of Petitioner's request, the Court could enter a Corrected Judgment reducing Petitioner's sentence to the statutory maximum of 10 years imprisonment and 3 years supervised release. If either party objects to either of these alternatives, they should raise the matter in their Objections to this Recommendation.

3

IT IS THEREFORE RECOMMENDED that Petitioner's Motion [Doc. #14] and Amended Motion [Doc. #15] to vacate, set aside, or correct sentence be granted in light of the Government's concession, that his sentence be vacated, and that this matter either be set for resentencing or be concluded by entry of a Corrected Judgment reducing Petitioner's sentence to the statutory maximum of 10 years imprisonment and 3 years supervised release.

This, the 7th day of November, 2016.

      /s/ Joi Elizabeth Peake
United States Magistrate Judge